UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEONID KUCHEROV,

        Plaintiff,

v.

MTC FINANCIAL INC., et al.,

        Defendants.

CASE NO. C17-5050BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION DISMISS

This matter comes before the Court on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 16. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

**I. BACKGROUND**

On January 25, 2017, Plaintiff filed his complaint in this action. Dkt. 3. This is the second time that Plaintiff has brought these very claims in relation to Defendants' foreclosure on the property at 1391 NW 7th Avenue, Camas, WA. In *Kucherov v. MTC Financial, et al.*, Case No. 16-05276BHS ("*Kucherov I*"), the Court dismissed Plaintiff's claims, some with prejudice and some without. *Kucherov I*, Dkt. 23. The Court granted

Plaintiff leave to amend those claims that were dismissed without prejudice. *Id.* After the deadline to amend had passed and Plaintiff had failed to amend his complaint, the Court entered judgment and closed the case. *Id.*, Dkt. 24. Plaintiff's present complaint reasserts the claims from *Kucherov I* that were expressly dismissed without prejudice.

Additionally, Plaintiff previously removed an unlawful detainer case that involved the same property before it was remanded to state court for lack of jurisdiction. *See OWB REO, LLC v. Kucherov*, C16-5565RBL (W.D. Wash. 2016), Dkts. 1, 4; *OWB REO, LLC v. Kucherov*, Clark Co. Case No. 16-2-01107-5 ("*OWB REO*").

On March 23, 2017, Defendants moved to dismiss Plaintiff's present complaint. Dkt. 16. On April 4, 2017, Plaintiff filed an overlength response to Defendants' motion, but did so in the wrong case. *See Kucherov I*, Dkt. 34.[1] On May 3, 2017, Defendants filed a reply. Dkt. 18. On May 16, 2016, Plaintiff filed a surreply, which was labelled as another response. Dkt. 19.

**II. DISCUSSION**

**A.  Legal Standard**

Motions to dismiss brought under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such

---

[1] The Court denies Defendants' motion to strike this pleading, notwithstanding its improper filing and its substantial violation of the Court's local rules on the length of motions and responsive pleadings. The Court notes that the bulk of the filing consists merely of large quotations from the complaint, and Plaintiff's substantive briefing appears to fall within the page limits. Nonetheless, the Court refers Plaintiff to the Western District of Washington's Local Civil Rules and warns that overlength filings will not be tolerated in the future. *See* W.D. Wash Local Rules LCR 7(e).

a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). However, the Court may consider documents beyond the complaint "if the documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them." *Id.* (internal quotation marks omitted). Also, "under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." *Id.* at 689 (internal quotation marks omitted).

In the event that dismissal is warranted, the Court will grant Plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "[D]ismissal [without leave to amend] is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

**B.     Effect of *Kucherov I***

Defendant first seeks dismissal by arguing that this action is barred by the Court's previous order in *Kucherov I* denying Plaintiff's motion for relief from judgment. Dkt. 16

at pp. 6–7. *See also Kucherov I*, Dkt. 33. The Court notes that it was within the Court's power to dismiss Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 41(b). *See Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). However, the Court never did so. "The difference between a dismissal under Rule 12(b)(6) and one under Rule 41(b) is not merely formal." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). Had the Court dismissed Plaintiff's claims in *Kucherov I* pursuant to Rule 41(b), it could have determined that the claims should be dismissed with prejudice as a sanction for failure to timely prosecute the case. Alternatively, even in the order granting the motion to dismiss, the Court could have stated that failure to amend within the time established by the order would result in dismissal with prejudice. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004) (after a plaintiff's failure to amend within 60 days "the district court should have taken the election not to amend at face value, entered a final judgment dismissing all claims with prejudice, and allowed the case to come to us on appeal in that posture.").

As it stands, the Court never informed Plaintiff that failure to file an amended complaint in *Kucherov I* would result in automatic dismissal *with prejudice*. The Court considers this inadequate to have placed Plaintiff, a pro se litigant, on notice that the automatic dismissal contemplated by the Court's order in *Kucherov I* would bar Plaintiff from re-filing the claims that the order had expressly dismissed without prejudice.

C.   ***Rooker-Feldman* Doctrine**

Defendants also moved for dismissal under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prevents the Court from hearing *de facto* appeals of state-court

judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Bianchi v. Rylaarsdam*, 334 F.3d 895 (9th Cir. 2003). "A federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi*, 334 F.3d at 898).

The Court agrees that the *Rooker-Feldman* doctrine prohibits Plaintiff from attempting to collaterally attack the state court's decision in the unlawful detainer action of *OWB REO*. *See* Dkt. 16-1 at pp. 3–21. To the extent that Plaintiff seeks to cancel any foreclosure sale of the property on the basis that Defendant OWB REO, LLC is not licensed as a contractor, failed to pay taxes, or violated the Washington "anti-flip statute," these claims are identical to Plaintiff's arguments and seek the same relief rejected by the state court in *OWB REO*. *See id.*; Dkt. 3 at p. 12– 14, 16–17, 22, 25–28, 32–35. Therefore, these claims are dismissed.

**D.     Adequacy of Factual Allegations**

Defendants also argue that, "[t]o the extent the Complaint in this case differs from the complaint that the Court dismissed in *Kucherov I* and the Proposed Amended Complaint that the Court denied Kucherov leave to file, those differences do not warrant allowing this case to go forward." Dkt. 16 at 7. To support this argument, Defendants argue that Plaintiff has only added a single substantive amendment to the present complaint. Specifically, Defendants argue that the only new factual allegation is that they

supposedly informed Plaintiff by letter that his construction loan was paid in full on January 16, 2007. *See* Dkt. 3 at pp. 8–9, 16, 18.

The Defendants are correct if the Court compares the present complaint with the proposed amendments that the Court refused to allow Plaintiff to file in *Kucherov I*. *See Kucherov I*, Dkts. 28, 33. However, the Court's order of dismissal for failure to state a claim in *Kucherov I* was not based on Plaintiff's proposed amended complaint, nor did the Court consider whether Plaintiff's proposed amendments cured the first complaint's deficiencies when it denied the motion for relief from a final judgment. Plaintiff's present complaint includes numerous allegations that were absent from the complaint the Court dismissed in *Kucherov I*. Defendants' motion to dismiss fails, for the most part, to offer any substantive analysis on how these changes fall short of curing the deficiencies of the complaint in *Kucherov I*. Absent such analysis by Defendants, and having already determined that the claims in *Kucherov I* were not dismissed with prejudice, the Court will not parse through Plaintiff's complaint in this action to assess *sua sponte* which claims are viable.

Defendants do offer analysis on how Plaintiff has failed to state a viable claim to vacate the foreclosure sale of the subject property. They argue that Plaintiff has waived his right to challenge the completed foreclosure sale. Dkt. 16 at 8–10. Under Washington law, the doctrine of waiver "preclude[s] an action by a party to set aside a completed trustee's sale whenever the party (1) received notice of the right to enjoin the trustee's sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to enjoin the sale." *Merry v. Nw. Tr. Servs., Inc.*,

188 Wn. App. 174, 193 (2015) (quoting Joseph L. Hoffmann, Comment, *Court Actions Contesting the Nonjudicial Foreclosure of Deeds of Trust in Washington*, 59 Wash. L. Rev. 323, 335 (1984)).

The Court agrees that the waiver doctrine prevents Plaintiff from setting aside the completed foreclosure sale. *Kucherov I* was filed prior to the foreclosure sale making it clear that Plaintiff had sufficient notice to try to enjoin the sale. Examination of *Kucherov I* also shows that, prior to the sale, Plaintiff already had knowledge of the nearly identical claims he is once again bringing in this action. Finally, Plaintiff failed to prosecute *Kucherov I* or otherwise seek to enjoin the sale, despite the Court granting him leave to amend in order to cure his deficient complaint. Accordingly, to the extent that Plaintiff seeks to vacate the completed foreclosure sale, his claims are dismissed. Moreover, because amendments to the present complaint cannot change the fact that Plaintiff waived his right to enjoin the foreclosure sale, the dismissal is with prejudice and without leave to amend. Defendants' motion to dismiss is otherwise denied to the extent they cursorily argue that the allegations that have been added since the Court dismissed *Kucherov I* fail to state a claim.

### III. ORDER

Accordingly, Defendants' motion to strike (Dkt. 16) is **GRANTED in part** and **DENIED in part** as follows:

(1) Defendants' motion to dismiss Plaintiff's claim for "Declaratory Relief to Vacate the Sale" and his requests to vacate the sale based on allegations that OWB REO,

LLC is not licensed as a contractor, failed to pay taxes, or violated the Washington State "anti-flip statute" is **GRANTED** and those claims are **DISMISSED with prejudice**;

(2) Defendants' motion to dismiss is otherwise **DENIED**.

Dated this 30th day of May, 2017.

BENJAMIN H. SETTLE
United States District Judge