UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEONID KUCHEROV,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MTC FINANCIAL, INC., et al.,<br><br>　　　　　　Defendants. | CASE NO. C17-5050 BHS<br><br>ORDER STRIKING PLAINTIFF'S MOTION AND RESPONSE, STRIKING TRIAL DATE AND REMAINING DEADLINES, AND RENOTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

　　　This matter comes before the Court on Defendants CIT Bank N.A. ("CIT Bank") and OWB REO, LLC's ("OWB REO") motion for summary judgment (Dkt. 38), Defendant MTC Financial, Inc.'s ("MTC") motion for summary judgment, and Plaintiff Leonid Kucherov's ("Kucherov") motion for extension of time to complete discovery ("Dkt. 46"). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and rules as follows:

## I. PROCEDURAL HISTORY

　　　On January 25, 2017, Kucherov filed a complaint against MTC, CIT Bank, and OWB REO ("Defendants") asserting claims for breach of contract, wrongful foreclosure, violation of the Washington Consumer Protection Act ("CPA"), infliction of emotional

distress, fraud, misrepresentation, civil conspiracy, declaratory relief to vacate the sale, and violation of the Fair Debt Collection Practices Act ("FDCPA"). Dkt. 3.

On May 30, 2017, the Court granted CIT Bank's motion to dismiss in part and denied it in part. Dkt. 22. In relevant part, the Court dismissed Kucherov's claims for slander of title and quiet title because the Court dismissed these claims with prejudice in Kucherov's first suit, *see Kucherov v. MTC Financial, Inc.*, No 16-cv-5276BHS (W.D. Wash. Sep. 19, 2016), and dismissed Kucherov's claims to "vacate the [foreclosure] sale based on allegations that OWB REO, LLC is not licensed as a contractor, failed to pay taxes, or violated the Washington State 'anti-flip statute.'" Dkt. 20.

On November 6, 2017, CIT Bank and OWB REO filed a motion for summary judgment and noted it for consideration on December 22, 2017. Dkt. 38. On November 7, 2017, MTC filed a motion for summary judgment and also noted it for consideration on December 22, 2017. Dkt. 41. On December 21, 2017, Defendants filed replies stating that Kucherov failed to respond to either motion. Dkts. 44, 45.

On December 22, 2017, Kucherov filed a motion for extension of time to complete discovery. Dkt. 46. On December 29, 2017, Kucherov filed a response to Defendants' motions for summary judgment. Dkt. 47.

On January 3, 2017, Defendants responded to Kucherov's motion for an extension of time. Dkts. 48, 49.

On January 3 and 5, 2017, Defendants replied to Kucherov's summary judgment response. Dkts. 51, 52.

On January 10, 2017, CIT Bank and OWB REO's attorney sent a letter to the Court asserting that Kucherov has failed to participate in pretrial disclosures and seeking relief from the impending pretrial deadlines. Dkt. 53.

## II. DISCUSSION

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. Rule 16(b)(4). Moreover, every court has the inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

In this case, the Court finds that good cause exists to strike the trial date, strike Kucherov's briefs, and renote Defendants' motions. First, Kucherov filed an untimely motion to extend discovery and an untimely response to Defendants' motions for summary judgment. These briefs also violate the page limits set forth in the local rules of procedure, which the Court has explicitly directed Kucherov to observe. Dkt. 20 at 2 n.1. Therefore, the Court strikes both Kucherov's motion, Dkt. 46, and Kucherov's response, Dkt. 47.

Second, it appears that the issues in this case may be narrowed on summary judgment. While the Court rarely strikes trial dates, the circumstances of this case establish that the current trial date is unworkable. Therefore, the Court strikes the current trial date and pending pretrial deadlines.

Finally, the Court will allow Kucherov one last attempt to properly respond to Defendants' motions for summary judgment. Thus, the motions will be renoted to allow sufficient time for a response and replies. Because there are two motions, Kucherov is

technically allowed 48 pages.  The Court, however, finds that Kucherov should be able to adequately respond with a 36-page brief.  The Court will disregard any brief that is not timely filed and will disregard any argument beyond the first 36 pages of any response.

### III.  ORDER

Therefore, it is hereby **ORDERED** that (1) the Clerk shall **STRIKE** Kucherov's motion, Dkt. 46, and Kucherov's response, Dkt. 47, (2) the trial date and remaining pretrial deadlines are **STRICKEN**, (3) the Clerk shall renote Defendants' motions for summary judgment for consideration on the Court's February 2, 2018 calendar, and (4) Kucherov may file a response to the motions no later than January 26, 2018, no longer than 36 pages.  Failure to file a response or otherwise comply with this order may result in **DISMISSAL with prejudice**.

Dated this 11th day of January, 2018.

BENJAMIN H. SETTLE
United States District Judge