UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEONID KUCHEROV,<br><br>               Plaintiff,<br><br>   v.<br><br>MTC FINANCIAL, INC., et al.,<br><br>               Defendants. | CASE NO. C17-5050 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

    This matter comes before the Court on Defendants CIT Bank N.A. ("CIT Bank") and OWB REO, LLC's ("OWB REO") motion for summary judgment (Dkt. 38) and Defendant MTC Financial, Inc.'s ("MTC") motion for summary judgment (Dkt. 41). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and grants the motions for the reasons stated herein.

## I. BACKGROUND

    This lawsuit stems from the foreclosure on Plaintiff Leonid Kucherov's ("Kucherov") property on May 20, 2016. On January 25, 2017, Plaintiff Leonid Kucherov ("Kucherov") filed a complaint against MTC, CIT Bank, and OWB REO ("Defendants") asserting claims for breach of contract, wrongful foreclosure, violation of

the Washington Consumer Protection Act ("CPA"), infliction of emotional distress, fraud, misrepresentation, civil conspiracy, declaratory relief to vacate the sale, and violation of the Fair Debt Collection Practices Act ("FDCPA"). Dkt. 3.

On May 30, 2017, the Court granted CIT Bank's motion to dismiss in part and denied it in part. Dkt. 22. In relevant part, the Court dismissed Kucherov's claims for slander of title and quiet title because the Court dismissed these claims with prejudice in Kucherov's first suit, *see Kucherov v. MTC Financial, Inc.*, No 16-cv-5276BHS (W.D. Wash. Sep. 19, 2016), and dismissed Kucherov's claims to "vacate the [foreclosure] sale based on allegations that OWB REO, LLC is not licensed as a contractor, failed to pay taxes, or violated the Washington State 'anti-flip statute.'" Dkt. 20.

On November 6, 2017, CIT Bank and OWB REO filed a motion for summary judgment and noted it for consideration on December 22, 2017. Dkt. 38. On November 7, 2017, MTC filed a motion for summary judgment and also noted it for consideration on December 22, 2017. Dkt. 41. On December 21, 2017, Defendants filed replies stating that Kucherov failed to respond to either motion. Dkts. 44, 45.

On December 22, 2017, Kucherov filed an untimely motion for extension of time to complete discovery. Dkt. 46. On December 29, 2017, Kucherov filed an untimely response to Defendants' motions for summary judgment. Dkt. 47.

On January 10, 2017, CIT Bank and OWB REO's attorney sent a letter to the Court asserting that Kucherov has failed to participate in pretrial disclosures and seeking relief from the impending pretrial deadlines. Dkt. 53.

On January 11, 2017, the Court entered an order striking Kucherov's response to the pending summary judgment motions for severe violations of the Court's rules on page limits, which the Court had explicitly directed Kucherov to observe on previous occasions. Dkt. 54. This is was not the first time the Court has dealt with Plaintiff's failure to comply with court rules and orders on related or identical claims. *See Kucherov v. MTC Financial, Inc.*, No 16-cv-5276BHS (W.D. Wash. Sep. 19, 2016). In its order, the Court also afforded Kucherov the opportunity to file a 36-page brief no later than January 26, 2018, with the explicit warning that it would "disregard any brief that is not timely filed and will disregard any argument beyond the first 36 pages of any response." Dkt. 54 at 4.

The January 26 deadline passed without any response from Kucherov. On January 30, 2018, CIT Bank and OWB REO filed replies noting that Kucherov had again failed to file a response by the ordered deadline. Dkt. 57. On January 31, 2018, MTC did the same. Dkt. 56.

On February 1, 2018, Kucherov filed a 36-page response to the motions for summary judgment, with attached declarations. Dkt. 57. Kucherov also filed a motion to strike evidence submitted by Defendants in support of their motions for summary judgment. Dkt. 58.

## II. DISCUSSION

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. Rule 16(b)(4). Moreover, every court has the inherent authority "to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

In its previous order striking Kucherov's severely overlength and untimely response, the Court offered Kucherov another chance to file a response and explicitly informed Kucherov that it would disregard any response filed later than January 26, 2018. Dkt. 54 at 4. Nonetheless, Kucherov failed to comply with the Court's order. Kucherov has failed to provide good cause for his repeated failure to timely oppose Defendants' motions for summary judgment. As a result, it would be appropriate for the Court to reject the response, as warned in its previous order. If a party fails to properly support an assertion of fact or address another party's assertion of fact, the Court may:

> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56. Despite the Court's repeated warnings, it will consider Kucherov's untimely filings.

However, Plaintiff's pleadings and supporting affidavits fail to rebut material facts establishing that Defendants are entitled to summary judgment. Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a

sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

The loan documents and evidence filed in support of Defendants' motions show that there is no material dispute as to the following:

Kucherov defaulted on his valid debt in October 2011. Defendants then properly advanced funds to ensure that property taxes were timely paid according to the terms set out in the deed of trust. Late fees for Kucherov's default were properly assessed under the terms of his loan. Defendants then properly processed and denied Kucherov's ten applications for loan modifications because either the applications were incomplete or Kucherov failed to qualify for a modification. In the instances where Kucherov submitted a complete application, he was not qualified for a loan modification because the property was not Kucherov's primary residence and his debt to income ratio was too high. The record further establishes that any delay in the loan modification application was solely a product of Kucherov's own failure to submit complete applications or furnish Defendants with requested supplemental materials. Defendants were prompt in alerting Kucherov to these deficiencies and extending him opportunities to cure them. In foreclosing on the property, Defendants acted pursuant to the terms of the deed of trust. Defendants properly conducted a public foreclosure sale. Never did Defendants misrepresent or make false statements regarding the status of Kucherov's loan because Kucherov was in fact in default. Kucherov made no attempt to cure his default before the foreclosure sale.

Based on these facts that are undisputed according to the evidence on the record, Defendants are entitled to summary judgment as a matter of law. Kucherov cannot prevail on a breach of contract claim when Defendants foreclosed on the property according to the terms of the deed of trust and any late fees were properly assessed under

the terms of the loan after his default in October of 2011. To the extent Kucherov challenges the validity of the foreclosure sale based on general allegations of improper documentation or proof of ownership of the promissory note, he fails to articulate any specific irregularities in the loan documents or how they caused him harm. On the Court's own review of the documents, there do not appear to be any irregularities. Because Kucherov was in default and failed to cure despite numerous opportunities offered by Defendants to Kucherov to seek loan relief, Defendants are entitled to summary judgment on Plaintiff's claim for wrongful foreclosure. Because Defendants properly foreclosed on the property and did not assess any improper fees, they are similarly entitled to summary judgment on Kucherov's CPA claims. These facts also disprove any allegations of a violation of 15 U.S.C. § 1692k(d), the only statute Plaintiff cites in favor of his claim under the FDCPA. Also, because Defendants did not make any false statements regarding the status of Kucherov's loan, they are entitled to summary judgment on Kucherov's claims for slander of title, fraud, and misrepresentation. Nor can Kucherov sustain a claim for infliction of emotional distress, as none of Defendants' lawful actions in servicing the loan or foreclosing on the property could be interpreted as outrageous. Since Kucherov has no underlying claims upon which he can prevail, his claim for civil conspiracy likewise fails.

Finally, the Court has authority to cancel a lis pendens any time after an action is abated. RCW 4.28.325. In light of the foregoing, the Court orders that the lis pendens filed shall be cancelled in whole by the county auditor of any county in whose office the same may have been filed or recorded.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motions for summary judgment (Dkts. 38, 41) are **GRANTED**. The lis pendens is **CANCELLED** in whole.

The Clerk shall enter judgment in favor of Defendants and close this case.

Dated this 12th day of March, 2018.

BENJAMIN H. SETTLE
United States District Judge